**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**BEAUFORT DIVISION**

| | | |
|---|---|---|
| PUBLIX SUPER MARKETS, INC. | ] | |
| | ] | |
| Plaintiff, | ] | |
| | ] | |
| v. | ] | Civil Case No.: <u>9:23-cv-01089-RMG</u> |
| | ] | |
| JAMES RICHARDSON and | ] | |
| PATRICK A. McKENNA, | ] | |
| | ] | |
| Defendants. | ] | |

---

**COMPLAINT**

---

Defendants James Richardson and Patrick A. McKenna guaranteed a tenant's performance under a commercial lease.  The tenant defaulted after not paying rent and other amounts owed under the lease.  Plaintiff Publix Super Markets, Inc. brings this action to recover under the defendants' guaranty after they failed to pay all amounts owed under the lease.

**<u>The Parties</u>**

1.      Plaintiff Publix Super Markets, Inc. ("Publix") is a Florida citizen.  Specifically, Publix is a Florida corporation with its principal place of business located in Florida.  Publix is authorized to transact business in South Carolina.

2.      Upon information and belief, Defendant James Richardson is a citizen of South Carolina and is domiciled (*i.e.*, where he has established a fixed habitation or abode, intending to remain there permanently or indefinitely) at 10 South Calibogue Cay Rd., Hilton Head Island, Beaufort County, South Carolina, 29928 (or at some other place located in South Carolina).

3.      Upon information and belief, Defendant Patrick A. McKenna is a citizen of South Carolina as well and is domiciled at 65 Meridian Point Dr., Bluffton, Beaufort County, South

1

Carolina, 29910-4641 (or at some other place located in South Carolina).

**Jurisdiction and Venue**

4.      This Court has subject-matter jurisdiction over this action.  *See* 28 U.S.C. § 1332(a).  Specifically, this action involves a controversy between parties of diverse citizenship (*i.e.*, Publix is a citizen of Florida and the defendants are citizens of South Carolina) and the amount in controversy (as alleged in more detail below) exceeds $75,000.00, excluding interest and costs.

5.      This Court has personal jurisdiction over Richardson and McKenna (the "Defendants"), in part, because they are domiciled in South Carolina and otherwise consented to this Court's jurisdiction.  *See* **Exhibit 1** [Guaranty] at 2 (providing that "Guarantor hereby consents to the jurisdiction of any competent court within said State [South Carolina] and in Landlord's discretion, including, without limitation, Federal courts of the United States").

6.      Venue is proper in this Court, in part, because Defendants reside in the Beaufort Division, a substantial part of the events or omissions giving rise to this action occurred in the Beaufort Division, including the negotiation, execution, delivery, and performance of the subject guaranty, and Publix does business in the Beaufort Division, which is where the breach of the guaranty occurred.  *See* 28 U.S.C. § 1391(b); Local Civ. Rule 3.01(A) (D.S.C.).

7.      All conditions precedent, if any, have occurred or have been performed or have otherwise been waived or excused.

**The Allegations**

8.      On June 14, 2001, Festival Centre (E&A), LLC (the "Original Landlord") and Island Bread Company, LLC (the "Original Tenant") entered into a shopping center lease agreement relating to the rental of certain commercial space located at the Indigo Park Shopping

Center, 45 Pembroke Drive, Suite 120, Hilton Head, South Carolina, 29926 (the "Lease").

9.    The Lease provides, in part (i) a 10-year term with minimum guaranteed monthly rent starting at $7,083.33, which escalates over the lease term, (ii) two 5-year renewal options, (iii) that the rent is due by the first day of each month, (iv) the payment of common area maintenance expenses and taxes, (v) a late charge of 5% if rent is not received by the 10th of the month, (vi) any amount not paid when due would carry a 1% interest charge, and (vii) the recovery of attorneys' fees and costs to collect late rent.

10.    Ashley D. Shelley and Edmund H. Watkins (the "Original Guarantors") personally guaranteed the Original Tenant's obligations under the Lease (including through any renewals or extensions).

11.    On March 11, 2009, the Original Landlord consented to the assignment of the Lease to Hilton Head Island Bread Company, LLC (the "Current Tenant") (the "Assignment"). The Original Tenant was "relieved of any further obligation under the terms of the Lease and completely and unconditionally released from liability under the Lease." The Original Landlord's consent to the Assignment, however, was "contingent upon the execution of a Guaranty of Lease . . . by[, among others, Defendants.]"

12.    Defendants executed a Guaranty of Lease (the "Guaranty").  A true and genuine copy of the Guaranty is attached as **Exhibit 1**.

13.    Among other things, Defendants guaranteed "the due and punctual payment in full (and not merely collectability) of all Rent, Additional Rent, and all other amounts due and payable by [Current] Tenant under the Lease[.]"

14.    The Guaranty further provides broad protections for the landlord.  For example:

▪    The Guaranty allows the landlord, "in its sole and absolute discretion,

without notice to or further consent of Guarantor and without in any way releasing, affecting, or impairing the obligations and liabilities of Guarantor hereunder . . . (c) grant extensions or renewals of the Lease[.]"

- Defendants waived all notices: "Guarantor does not require and hereby waives all notices of Tenant's nonpayment, nonperformance, or nonobservance of the covenants, terms, and conditions of the Lease. Guarantor hereby expressly waives all notices and demands otherwise required by law with Guarantor may lawfully waive."

- The Guaranty "remain[s] in full force and effect until payment in full to Landlord of all sums payable under the Lease."

- The landlord does not have to first pursue relief against the tenant before seeking recovery on the guaranty: "Guarantor waives any right to require that Landlord bring any legal action against Tenant before, simultaneously with, or after enforcing its rights and remedies hereunder against guarantor."

- "Guarantor waives the benefit of any statute of limitations affecting Guarantor's liability under this Guaranty."

- "Guarantor agrees to pay all costs and expenses incurred by Landlord in enforcing this Guaranty, including, without limitation, all legal fees and disbursements."

15.    In conjunction with the Assignment and the delivery of the Guaranty, on March 11, 2009, the Original Landlord and Current Tenant amended the Lease to, among other things, (i) extend its term through December 31, 2015, (ii) provide for percentage rent, and (iii) reduce

the monthly rent amount.

16.    On July 31, 2015, the Lease was amended again to, among other things, (i) extend the lease term an additional 5 years (*i.e.*, through December 31, 2020), (ii) increase monthly rent, and (iii) provide the tenant a $25,500 renovation improvement allowance.

17.    In March 2016, Publix acquired the Indigo Park Shopping Center, including all rights and interest in and under the Lease (as amended) and Guaranty, meaning, in part, that Publix became the new landlord under the Lease.

18.    The Current Tenant defaulted under the Lease for non-payment of rent and ceased operations. Here are the amounts owed under the Lease, which does *not* include accrued late charges, interest, or attorneys' fees and costs:

|  |  |
|---:|---|
| Basic Rent: | $346,570.86 |
| Property Taxes: | $  29,235.04 |
| Common Area Maintenance Charges: | $  41,437.01 |
| Garbage: | $    4,061.52 |
| **Total:** | **$421,304.43** |

Attached as **Exhibit 2** is an account statement, which reflects the amounts due under the Lease. The account statement, however, does *not* include the attorneys' fees and costs, accrued interest, and certain accrued late charges owed under the Lease.

19.    Publix demanded that Defendants comply with the Guaranty, in part, by tendering all amounts due under the Lease, but they failed to do so.  Left with no choice, Publix now brings this breach-of-contact action.

**<u>Breach-of-Contract Claim</u>**

20.    Publix adopts and incorporates paragraphs 8 – 19 above as if fully stated here.

21.     To induce the Original Landlord into consenting to the Assignment, Defendants signed and delivered the Guaranty.  And by signing and delivering the Guaranty, Defendants agreed to be bound by its terms, including guaranteeing "the due and punctual payment in full (and not merely collectability) of all Rent, Additional Rent, and all other amounts due and payable by [Current] Tenant under the Lease[.]"  The Guaranty is valid and enforceable.

22.     Defendants breached the Guaranty, in part, by not paying what is owed under the Lease.  And by not paying what is owed under the Lease, Publix has been damaged in an amount to be proven at trial, but no *less* than $421,304.43.

**Prayer for Relief**

Publix respectfully requests:

1.     That the Clerk of Court issue a summons directing Defendants to answer or otherwise respond to this Complaint within the time provided by law or suffer default judgment;

2.     That the Court enter a judgment against Defendants and in favor of Publix in the amount of no less than **$421,304.43**, plus accrued interest and late charges and attorneys' fees and litigation costs; and

3.     That the Court award Publix such other damages and relief that it believes is just and proper.

This 17th day of March, 2023.

**BUNCH LAW, LLC**

*/s Thomas W. Bunch, II*
By:    Thomas W. Bunch, II [01597]
1120 Summerwind Lane
Johns Island, South Carolina 29455
Tel No.: (803) 806-7491
Email: tbunch@bunchlawllc.com

And (pursuant to Motion to be filed under Local Rule 83.I.05)

**MILLER & MARTIN PLLC**

*/s Michael P. Kohler*
By:    Michael P. Kohler [Ga. Bar No. 42772]
       (*To be admitted pro hac vice*)

1180 W. Peachtree Street, N.W.
Suite 2100
Atlanta, Georgia 30309-3407
Tel. No.: (404) 962-6403
Fax No.: (404) 962-6303
Email:  michael.kohler@millermartin.com

***Attorneys for Plaintiff Publix Super Markets, Inc.***